11-716-ag
Wang v. Holder

BIA
Laforest, IJ
A088 727 563

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 3rd day of May, two thousand twelve.

PRESENT:
            JON O. NEWMAN,
            ROBERT A. KATZMANN,
            SUSAN L. CARNEY,
                 *Circuit Judges.*
_____

YILEI WANG,
            *Petitioner,*

            v.                                    11-716-ag
                                                  NAC
ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
            *Respondent.*
_____

FOR PETITIONER:        Mouren Wu, New York, New York.

FOR RESPONDENT:        Tony West, Assistant Attorney
                       General; Anh-Thu P. Mai-Windle,
                       Senior Litigation Counsel; Ann M.
                       Welhaf, Trial Attorney, Office of
                       Immigration Litigation, Civil
                       Division, United States Department
                       of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Yilei Wang, a native and citizen of China, seeks review of a January 26, 2011 order of the BIA affirming the June 29, 2009 decision of Immigration Judge ("IJ") Brigitte Laforest denying Wang's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT").  *See In re Yilei Wang*, No. A088 727 563 (B.I.A. Jan. 26, 2011), *aff'g* No. A088 727 563 (Immig. Ct. N.Y. City Jun. 29, 2009).  We assume the parties' familiarity with the underlying facts and procedural history in this case.

We have reviewed the IJ's decision as supplemented by the BIA's decision.  *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005).  The applicable standards of review are well-established.  *See* 8 U.S.C. § 1252(b)(4)(B); *Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009).

Substantial evidence supports the agency's adverse credibility determination. *See Yanquin Weng*, 562 F.3d at 513. Under the REAL ID Act, which applies to Wang's

2

application for relief, "an IJ may rely on *any* inconsistency or omission in making an adverse credibility determination as long as the 'totality of the circumstances' establishes that an asylum applicant is not credible." *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 167 (2d Cir. 2008).

Here, multiple discrepancies between Wang's testimony and his supporting documentary evidence support the IJ's finding that Wang was not credible. Wang testified that he fell, after running from Chinese family planning officials, and sustained injuries to his right hand, left leg, and left toe. However, the hospital certificate he submitted did not mention these injuries, but instead stated that Wang suffered entirely different injuries. Moreover, Wang testified that he did not require surgery for his injuries, yet he submitted a hospital receipt showing an "operation fee". As a result of his injuries, Wang testified, he spent two months in the hospital. However, a letter from his wife stated that he only spent ten days in the hospital.

The IJ may have erred in finding that a 2009 certificate showing a 1999 intrauterine device ("IUD") insertion (but not a 2005 insertion) contradicted Wang's testimony about his wife's 2005 IUD insertion, as there was

no basis in the record to support the IJ's apparent assumption that the certificate would refer to both procedures. However, any error in the IJ's reliance on this presumed discrepancy was harmless because the other discrepancies the IJ identified constitute "ample, error-free grounds that provide substantial evidence to support the IJ's adverse credibility determination." *Singh v. BIA*, 438 F.3d 145, 149 (2d Cir. 2006); *see also* 8 U.S.C. § 1158(b)(1)(B)(iii).

Wang's explanations for the inconsistencies—that his wife's letter was inaccurate because of her lack of education and that he, as a layman, could not know what his "operation fee" was for—do not compel a different conclusion. *See Majidi v. Gonzales*, 430 F.3d 77, 80 (2d Cir. 2005) ("A petitioner must do more than offer a plausible explanation for his inconsistent statements to secure relief; he must demonstrate that a reasonable fact-finder would be *compelled* to credit his testimony." (internal quotation marks omitted)). Because Wang's claims for asylum, withholding of removal, and CAT relief were all based on the same factual predicate, the agency's adverse credibility determination forecloses all relief. *See Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir. 2006).

4

For the foregoing reasons, the petition for review is DENIED.  As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot.  Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

                                    FOR THE COURT:
                                    Catherine O'Hagan Wolfe, Clerk